IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

DETRIA CARTER,

    Plaintiff,

v.                          CIVIL ACTION NO. 5:20-00103
                            (Criminal Action No. 5:17-00113-02)

UNITED STATES OF AMERICA,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    By Standing Order, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Tinsley submitted to the court his Findings and Recommendation on February 17, 2023, in which he recommended that the district court deny Carter's motion under 28 U.S.C. § 2255 and dismiss this matter from the court's docket.

    In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Tinsley's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989). Moreover, this court need not conduct a de novo review when a plaintiff "makes general and conclusory objections that do not direct the court to a specific error in the

magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Carter filed a "Response, Opposition and Request for Counsel." See ECF No. 714.

In her filing, plaintiff does not grapple with the analysis in the PF&R which explains why her motion should be denied. Instead, she asks the court "to appoint her an attorney to be advised whether to move forward with a 2255 habeous [sic] under which she would be entitled to a safety valve or to request a sentence reduction either through 18 USC 3582(c)(1)(a) or post sentencing rehabilitation." Id. She does not even address the thrust of the PF&R: that her claims of ineffective assistance of counsel are without merit. Her objections, to the extent that her filing could be construed as such, are therefore irrelevant and unresponsive to the reasoning contained in the PF&R and must be overruled on that ground as they do not "direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano, 687 F.2d at 47.*

---

*Carter's request for counsel is **DENIED**. There is no constitutional right to counsel in proceedings under 28 U.S.C. § 2255. Crowe v. United States, 175 F.2d 799, 801 (4th Cir. 1949) ("So far as appointment of counsel is concerned, the requirement of the Constitution is that the prisoner have counsel upon his trial, not when he subsequently makes a motion attacking the judgment there entered."); see also Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). Nor has Carter shown that the "interests of justice" require the appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); see also Rule 8(c) of the Rules Governing Section 2255 Proceedings (requiring the appointment of counsel only if an

Having reviewed the Findings and Recommendation filed by Magistrate Judge Tinsley, the court hereby **OVERRULES** plaintiff's objections and adopts the findings and recommendations contained therein. Accordingly, the court hereby **DENIES** plaintiff's motion Under 28 U.S.C. § 2255 and **DIRECTS** the Clerk to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

---

evidentiary hearing is warranted); United States v. Riley, 21 F. App'x 139, 141 (4th Cir. 2001) (holding that district court did not err in denying request to appoint counsel because there is no right to habeas counsel and movant failed to show that the "interests of justice" require that she be appointed counsel).

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 16th day of March, 2023.

ENTER:

David A. Faber
Senior United States District Judge